UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC ROSATO,

    Plaintiff,

v.                                          Case No.:  2:18-cv-322-FtM-38UAM

FNU RIDDLE,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Dominic Rosato's Motion for leave to proceed *in forma pauperis*/affidavit of indigency (Doc. 5) and no response has been filed in opposition. For the following reasons, the Court denies the Motion for leave to proceed *in forma pauperis*/affidavit of indigency and dismisses the Complaint with prejudice.

## **BACKGROUND**

Rosato, a detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida, filed a civil rights Complaint under 42 U.S.C. § 1983. Rosato states Ms. White, a recreational specialist at the FCCC, made him get off the legal computer. Rosato was told he could use the regular computer for the work he was doing because Ms. Fitzpatrick, the facilities librarian, did not believe Rosato's project was legal work. Rosato filed a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

grievance with Dr. Sawyer, the director of the FCCC, regarding Ms. White and Ms. Fitzpatrick removing him from the legal computer. The grievance was referred to Ms. Riddle, the FCCC grievance examiner. Ms. Riddle informed Rosato that his grievance was being referred for an administrative review. Grievances filed against staff members that are referred for administrative review are kept confidential. Rosato was informed that he would receive no further response to his grievance.

## **STANDARD OF REVIEW**

The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)    the allegation of poverty is untrue; or
>
> (B)    the action or appeal-
> (i)    is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read

2

the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

**DISCUSSION**

Rosato avers Defendants violated his right to due process under the Fourteenth Amendment, and Eighth Amendment rights with deliberate indifference, in the way his grievance was handled by Ms. Riddle. Rosato's procedural due process claim asserting that his FCCC grievances was not handled properly by Defendants, even if true, fails to state a stand-alone § 1983 claim. The Eleventh Circuit Court of Appeals has held: "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006); *Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a grievance procedure confers no liberty interest on a prisoner.... A state-created grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

Defendants' administrative procedures used to investigate, respond or not respond to Rosato's grievance are not actionable under § 1983. Defendants' alleged errors regarding the FCCC grievance procedures do not give rise to a stand-alone claim under § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Further, the Court concludes that a more carefully drafted complaint could not state a claim. Generally, a *pro se* plaintiff, "*must* be given at least one chance to amend the

complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (*citing Bank,* 928 F.2d at 1112). On the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint. *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999). On the second exception, where futility is close, we err on the side of generosity to the plaintiff. *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003).

Rosato's single claim is based upon his allegation that staff members at the FCCC violated his constitutional rights by keeping his grievance confidential and notifying him he would receive no further response to his grievance. Since there is no constitutional right in a state created grievance process, amending his Complaint would be futile.

Accordingly, it is now

**ORDERED:**

1. Dominic Rosato's Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency (Doc. 5) is **DENIED**.

2. Rosato's Civil Rights Complaint is **DISMISSED with prejudice**.

3. The Clerk of Court shall enter judgment accordingly, terminate all pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of April, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record